**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Emmanuel NWANKWO, Defendant–
Appellant.**

**No. 13–30908**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 17, 2014.

Carol Mignonne Griffing, Assistant U.S. Attorney, Seth David Reeg, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Bradley Elizabeth Black, Law Offices of Bradley E. Black, L.L.C., Lafayette, LA, for Defendant–Appellant.

Before KING, JOLLY, and HAYNES, Circuit Judges.

**PER CURIAM:** *

■ Emmanuel Nwankwo appeals his conviction for failure to depart the United States pursuant to a final order of removal. He argues that his conviction should be vacated because the district court failed to instruct the jury regarding an affirmative defense of necessity or duress. Because he did not request the instruction from the district court or object to its omission, his argument is reviewed for plain error only. *See United States v. Delgado,* 672 F.3d 320, 341 (5th Cir.2012).

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Where the defendant did not request a jury instruction in the district court or object to its omission, failure by the district court to give the instruction may amount to plain error "only in egregious instances." *Delgado,* 672 F.3d at 341–42 (internal quotation marks and citation omitted).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nwankwo argues that his trial testimony raised a defense of necessity or duress. "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *accord United States v. Branch,* 91 F.3d 699, 711–12 (5th Cir.1996). Nwankwo's argument is unavailing, as his testimony did not present sufficient evidence satisfying the elements of a necessity or duress defense. *See United States v. Posada–Rios,* 158 F.3d 832, 873–75 (5th Cir.1998) (recognizing that a justification defense requires a present, imminent, and impending threat which induced a well-grounded fear of death or serious bodily injury); *United States v. Gant,* 691 F.2d 1159, 1162–63 (5th Cir.1982) (same).

Moreover, Nwankwo's defense did not rely on a theory of necessity or duress at trial. "[W]here a defendant does not offer a particular instruction, and does not rely on the theory of defense embodied in that instruction at trial, the district court's failure to offer an instruction on that theory *sua sponte* is not plain error." *Delgado,* 672 F.3d at 343 (internal quotation marks and citation omitted). Nwankwo has not shown that the district court plainly erred regarding the omission of a jury instruction on a defense of necessity or duress. *See id.* at 341–43.

AFFIRMED.